THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Respondent, | ) | CRIMINAL NO: 92-173 |
| | ) | |
| vs. | ) | |
| | ) | |
| MURRIA WILL PARKER, | ) | |
|     Petitioner. | ) | |

**ORDER**

    This action is before the Court on a Joint Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed on behalf of Defendant/Petitioner Murria Will Parker. (Doc. 26).[1] The parties agree that the Parker's prior kidnapping conviction does not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA"). Thus, the Petitioner is not subject to an enhanced sentence under the ACCA.

    On February 3, 1993, following his conviction of possessing a firearm after having "been convicted . . . of a crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g)(1), Parker was sentenced to 235 months imprisonment and a 5 year term of supervised release. He received the enhancement. Absent this enhancement, the maximum sentence possible for the crime of conviction is 10 years. *See* 18 U.S.C. § 924(a)(2).

    Recalculation of Parker's guideline range without the ACCA enhancement results in a guideline range sentencing range of 100 to 120 months and supervised release term of 3 years. (See attached). In *Johnson v. United States*, the Supreme Court held the residual clause of the ACCA was unconstitutional. 135 S. Ct. 2251 (2015). In *Welch v. United States*, the Supreme Court held that *Johnson* applied retroactively to cases on collateral review. 136 S. Ct. 1257 (2016). In *Mays v. United States,* the Court of Appeals for the Eleventh Circuit held that *Johnson*

---

[1] This is Parker's first petition pursuant to 28 U.S.C. § 2255. (Doc. 28 at 2).

applied "retroactively in the first post-conviction context." - - - Fed. 3d. - - -, 2016 WL 1211420, at *1 (11th Cir. March 29, 2016) (per curiam).

Petitioner has served approximately 23 years, which exceeds the 10-year statutory maximum sentence for the offense in the instant case. Because the Petitioner has served the maximum sentence, the Court can see no reason to hold a new sentencing hearing. The Court also notes that the joint motion specifically requests immediate entry of an amended judgment rather than a resentencing hearing. (Doc. 28 at 9-11).

Upon consideration, and for the reasons discussed in the Joint Motion (Doc. 28), Petitioner's motion is **GRANTED**, and the sentence imposed in this case is **VACATED**.

**DONE** and **ORDERED** this **20th** day of **May 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**